| STATE OF NORTH CAROLINA | | | | File No. 22 CVS | |
|---|---|---|---|---|---|
| MECKLENBURG County | | | | In The General Court Of Justice ☐ District ☒ Superior Court Division | |

**FILED 2022 JUL 18 P [illegible] MECKLENBURG CO., C.S.C. BY [illegible]**

## GENERAL CIVIL ACTION COVER SHEET

☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

| Name And Address Of Plaintiff 1 | Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address) |
|---|---|
| Vadim Linnankivi<br>2626 East Park Avenue<br>Tallahassee FL 32301 | Dexter Benoit<br>Mary F. Parker<br>1514 South Church Street, Suite 106<br>Charlotte NC 28203 |
| Name And Address Of Plaintiff 2 | |

**VERSUS**

| Name And Address Of Defendant 1 | |
|---|---|
| Meadowbrook CGC LLC<br>c/o Registered Agent Vcorp Services LLC<br>120 Penmarc Drive #118<br>Raleigh NC 27603 | Telephone No. 877-600-7212 — Cellular Telephone No. 704-724-2284<br>NC Attorney Bar No. 41752 — Attorney Email Address dexter@benoitlawfirm.com |
| Summons Submitted ☒ Yes ☐ No | ☒ Initial Appearance in Case ☐ Change of Address |
| Name And Address Of Defendant 2 | |
| Covenant Property Services Corporation<br>c/o Registered Agent Vcorp Services LLC<br>160 Mine Lake Court Suite 200<br>Raleigh NC 27615 | Name Of Firm: Benoit Law Firm, PLLC — Fax No. 800-878-6127<br>Counsel For: ☒ All Plaintiffs ☐ All Defendants ☐ Only: (list party(ies) represented) |
| Summons Submitted ☒ Yes ☐ No | |

☒ Jury Demanded In Pleading ☐ Complex Litigation ☐ Stipulate to Arbitration

### TYPE OF PLEADING

(check all that apply)

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or (AOC-CV-753) cover sheet.

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

Case 3:22-cv-00586-FDW-SCR Document 1-1 Filed 10/26/22 Page 1 of 15

EXHIBIT 1

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☐ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☒ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

Date: 7/18/22

Signature Of Attorney/Party

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |

| No. | ☒ Additional Defendant(s)     ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| 3 | Cedar Grove Capital Partners LLC, 888 Woodmere Place Unit C, Woodmere NY 11598 | ☒ Yes ☐ No |
| 4 | Cedar Grove Capital, LLC 888 Woodmere Place Unit C, Woodmere NY 11598 | ☒ Yes ☐ No |
| 5 | Aaron Gorin 888 Woodmere Place, Woodmere NY 11598 | ☒ Yes ☐ No |
| 6 | Steven G. Levitz 533 Clubhouse Road, Woodemere NY 11598-1901 | ☒ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

| | |
|---|---|
| Name Of Plaintiff<br>Vadim Linnankivi | |
| Address<br>2626 East Park Avenue | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip<br>Tallahasee  FL  32301 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s)<br>Meadowbrook CGC LLC, Covenant Property Service Corporation<br>Ceadar Grove Capital Partners, LLC, Cedar Grove Capital, LLC<br>Aaron Gorin and Steven G. Levtiz | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Meadowbrook CGC LLC<br>c/o Registered Agent Vcorp Services LLC<br>120 Penmarc Drive, #118<br>Raleigh  NC  27603 | Covenant Property Services Corporation<br>c/o Registerd Agent Vcorp Services LLC<br>160 Mine Lake Road, Suite 200<br>Raleigh  NC  27615 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>Dexter Benoit/Mary F. Parker<br>Benoit Law Firm, PLLC<br>1514 South Church Street, Suite 106<br>Charlotte  NC  28203 | Date Issued 7-18-22  Time 1:31 ☐ AM ☐ PM<br>Signature<br>☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |
|---|---|

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement  Time  ☐ AM ☐ PM<br>Signature<br>☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |
|---|---|

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | | File No. 22 CVS 11522 | |
|---|---|---|---|
| MECKLENBURG County | | In The General Court Of Justice ☐ District ☒ Superior Court Division | |

| Name Of Plaintiff |
|---|
| Vadim Linnankivi |
| Address |
| 2626 East Park Avenue |
| City, State, Zip |
| Tallahasee        FL        32301 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| VERSUS | |
|---|---|
| Name Of Defendant(s) | Date Original Summons Issued |
| Meadowbrook CGC LLC, Covenant Property Service Corporation Ceadar Grove Capital Partners, LLC, Cedar Grove Capital, LLC Aaron Gorin and Steven G. Levtiz | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Cedar Grove Capital Partners LLC<br>888 Woodmere Place, Unit C<br>Woodmere            NY      11598 | Cedar Grove Capital LLC<br>888 Woodmere Place, Unit C<br>Woodmere            NY      11598 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 7.18.22 | Time 1:31 ☐ AM ☒ PM |
|---|---|---|
| Dexter Benoit/Mary F. Parker<br>Benoit Law Firm, PLLC<br>1514 South Church Street, Suite 106<br>Charlotte            NC        28203 | Signature _[signed]_ | |
| | ☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | **RETURN OF SERVICE** | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 22 CVS 11522 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff<br>Vadim Linnankivi | |
|---|---|
| Address<br>2626 East Park Avenue | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip<br>Tallahasee FL 32301 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s)<br>Meadowbrook CGC LLC, Covenant Property Service Corporation<br>Ceadar Grove Capital Partners, LLC, Cedar Grove Capital, LLC<br>Aaron Gorin and Steven G. Levtiz | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1<br>Aaron Gorin<br>888 Woodmere Place<br>Woodmere NY 11598 | Name And Address Of Defendant 2<br>Steven G. Levitz<br>533 Clubhouse Road<br>Woodmere NY 11598 |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>Dexter Benoit/Mary F. Parker<br>Benoit Law Firm, PLLC<br>1514 South Church Street, Suite 106<br>Charlotte NC 28203 | Date Issued 7-18-22 Time 1:31 ☐ AM ☒ PM<br>Signature<br>☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |
|---|---|

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement Time ☐ AM ☐ PM<br>Signature<br>☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |
|---|---|

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA
MECKLENBURG COUNTY

FILED

2022 JUL 18 P 1:32

MECKLENBURG CO., C.S.C
BY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO. 22 CvD 11522

VADIM LINNANKIVI
individually,

Plaintiff,

vs.

MEADOWBROOK CGC, LLC,
COVENANT PROPERTY SERVICES
CORPORATION,
CEDAR GROVE CAPITAL PARTNERS, LLC,
CEDAR GROVE CAPITAL, LLC,
AARON GORIN,
and
STEVE LEVITZ,

Defendants.

**COMPLAINT**
(Jury Trial Demanded)

**NOW COMES** the Plaintiff, VADIM LINNANKIVI ("Plaintiff"), by and through his attorneys, BENOIT LAW FIRM, PLLC, and hereby complains of MEADOWBROOK CGC, LLC, COVENANT PROPERTY SERVICES CORPORATION, CEDAR GROVE CAPITAL PARTNERS, LLC, CEDAR GROVE CAPITAL, LLC, AARON GORIN AND STEVE LEVITZ ("the Defendants"), as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, VADIM LINNANKIVI, at all times material, resided in Mecklenburg County, Charlotte, North Carolina.

2. Defendant, MEADOWBROOK CGC, LLC ("MEADOWBROOK"), at all times material, was a Delaware corporation, conducting continuous and regular business at 9023 E. WT

1

Harris Boulevard, Mecklenburg County, Charlotte, North Carolina and which at the subject time, owned and operated an apartment complex known as the BROOKRIDGE APARTMENTS ("BROOKRIDGE") at the same address.

3. Upon information and belief, the Defendant COVENANT PROPERTY SERVICES CORPORATION ("COVENANT"), was a New York corporation with its principal place of business located at 888 Woodmere Place, Unit C, Woodmere, New York, 11598 and at all times material, operated and managed BROOKRIDGE located at 9023 E. WT Harris Boulevard.

4. Upon information and belief and at all times material, the Defendant CEDAR GROVE PARTNERS, LLC, ("CEDAR GROVE") was a Delaware corporation with its principal place of business located at 888 Woodmere Place, Unit C, Woodmere, New York, 11598. The Defendant conducted regular and continuous business in the state of North Carolina through its ownership of BROOKRIDGE.

5. Upon information and belief and at all times material, the Defendant CEDAR GROVE CAPITAL, LLC, ("CG Capital") was a Delaware corporation with its principal place of business located at 888 Woodmere Place, Unit C, Woodmere, New York, 11598. The Defendant conducted regular and continuous business in the state of North Carolina through its ownership of BROOKRIDGE.

6. Upon information and belief and at all times material, the Defendant Aaron Gorin, ("Defendant GORIN") was a member and/or manager of the Defendants CEDAR GROVE and/or CG CAPITAL who owned and/or managed BROOKRIDGE.

7. Upon information and belief and at all times material, the Defendant Steve Levitz, ("Defendant LEVITZ") was a member and/or manager of the Defendants CEDAR GROVE and/or CG CAPITAL who owned and/or managed BROOKRIDGE.

8. Venue in this Court is appropriate pursuant to N.C.G.S. §§ 1-79 and 1-82.

2

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

10. At all relevant times, the Defendants collectively, owned and/or operated, and/or managed, BROOKRIDGE, located at 9023 E. WT Harris Boulevard, Charlotte, North Carolina, and were authorized to do business and were doing business in the State of North Carolina.

11. Upon information and belief, the Defendants had an ownership interest in BROOKRIDGE, as either the title owner, as a successor in interest to the title owner, as a related or affiliated entity, or as a beneficiary or receiver of assets from corporate defendants now dissolved.

12. Upon information and belief, on or about June 15, 2021, during the pendency of the previous litigation, the Defendant MEADOWBROOK had its Certificate of Authority to transact business in the State of North Carolina revoked. As such, Plaintiff may bring suit against the member(s) of MEADOWBROOK pursuant to N.C. Gen. Stat. §55-14-08.

13. Upon information and belief, and at all relevant and material times hereto, the following owned and/or managed BROOKRIDGE APARTMENTS as either the management company, as a successor in interest to the management company or as a related entity or affiliated entity or as a beneficiary or receiver of assets from corporate defendants now dissolved: Meadowbrook CGC, LLC, and Covenant Property Services Corporation, Cedar Grove Capital Partners, LLC, Cedar Grove Captial, LLC, Aaron Gorin, and Steve Levitz.

14. On or about November 6, 2019, Plaintiff was employed by Door Dash as a food delivery driver. As a part of his job, Plaintiff would regularly make deliveries at various locations around Charlotte, North Carolina.

15. At the subject time, Plaintiff was notified via Door Dash of a food order to BROOKRIDGE APARTMENTS.

16. Plaintiff drove to BROOKRIDGE APARTMENTS at the subject time and was an invitee.

3

17. At no time on the subject evening was the Plaintiff trespassing on the subject premises.

18. While lawfully on the BROOKRIDGE APARTMENT premises, Plaintiff was violently assaulted, shot and robbed, causing serious and permanent injuries.

## COUNT I - NEGLIGENCE OF DEFENDANT
## MEADOWBROOK CGC, LLC

19. Plaintiff reiterates and re-alleges all the allegations contained in paragraphs one (1) through eighteen (18) above of this Complaint as though more fully stated herein.

20. At all material times, the Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, owed a duty to its invitees and the public, to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its lawful invitees. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its lawful invitees, including, VADIM LINNANKIVI, from criminal attacks which were reasonably foreseeable.

21. At all material times, the Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that the apartment complex located at 9023 E. WT Harris Boulevard, Charlotte, NC and areas adjacent thereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on the Defendant's invitees and the public unless the Defendant took steps to provide proper security for such individuals.

22. At all material times, the Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that numerous violent criminal acts including, but not limited to, aggravated assaults and strong-arm robberies, had occurred on its premises located at 9023 E. WT Harris Boulevard, Charlotte, North Carolina and areas adjacent thereto, prior to November 6, 2019.

4

23. The Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including VADIM LINNANKIVI, had it within his power to take the measures necessary to provide for his own security on the premises.

24. As a result of the paragraphs above, at all material times the criminal assault and shooting of VADIM LINNANKIVI was reasonably foreseeable, and the Defendant, MEADOWBROOK CGC, LLC was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its lawful invitees and the public, including but not limited to, VADIM LINNANKIVI.

25. At the above-mentioned time and place, the Defendant, MEADOWBROOK CGC, LLC, by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its lawful invitees and the public, including VADIM LINNANKIVI, and acted in a careless and negligent manner through the following acts of omission or commission:

   A. Failing to provide adequate security for its lawful invitees and the public, including VADIM LINNANKIVI;

   B. Failing to warn its lawful invitees and the public, including VADIM LINNANKIVI, of the nature and character of the surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on and/or near the Defendant's premises prior to the herein incident;

   C. Failing to warn, protect, guard, and secure the safety of its lawful invitees and of the public, including VADIM LINNANKIVI, when the Defendant knew or should have known that the subject premises had a history of similar criminal acts being committed

5

in the area, thereby creating a dangerous condition to those individuals on the premise of BROOKRIDGE;

D. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its lawful invitees and the public at the subject premise, when Defendant knew or should have known of foreseeable criminal acts;

E. Failing to hire and/or retain any private security personnel to patrol and/or monitor the subject premise, thereby protecting its lawful invitees and the public, including VADIM LINNANKIVI;

F. Failing to have a sufficient number of guards in visible areas at the subject premise to deter crime, thereby protecting its, lawful invitees and the public, including VADIM LINNANKIVI;

G. Failing to have an adequate number of security guards at the subject premises to protect its lawful invitees and the public, including VADIM LINNANKIVI;

H. Failing to hire and/or retain competent security guards to protect its lawful invitees and the public, including VADIM LINNANKIVI;

I. Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its lawful invitees and the public, including VADIM LINNANKIVI;

J. Failing to provide proper and sufficient lighting for the subject premise, including but not limited to exterior building lighting at the premise and surrounding areas;

K. Failing to have surveillance cameras in such locations throughout the subject premise, including but not limited to the exterior of the building and parking lot area;

L. Failing to have an adequate number of surveillance cameras at the subject premise and surrounding areas, including but not limited to the areas of the premises where the incident occurred;

M. Failing to position surveillance cameras in appropriate locations such that the parking area and surrounding areas where the Plaintiff was shot was adequately visually monitored, and/or said cameras would act as a deterrent against criminal activity;

N. Failing to have and/or maintain surveillance cameras in working condition on the subject premise such that every camera was able to monitor and record activity in its line of view;

O. Failing to implement adequate security policies, security measures, and security procedures necessary to protect VADIM LINNANKIVI and other lawful invitees and members of the public at the subject premises;

P. Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

Q. Failing to adequately provide an overall security plan for the subject premise that would meet the known industry standards and customs for safety in the community;

R. Failing to provide a reasonably safe structural layout of the subject property upon purchasing said property as a premises;

S. The preceding paragraphs "A" through "R", individually and/or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar premises in the local community; and

T. Additional acts of negligence not yet discovered.