26. The Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, and/or security of the area where the subject incident occurred; or in the alternative:

    A. The Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the area where the subject incident occurred; however, the Defendant negligently and carelessly failed to implement said procedures; or in the alternative,

    B. The Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner.

27. At all material times, the Defendant, MEADOWBROOK CGC, LLC, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of its lawful invitees and the public, including the areas of the property where the subject incident occurred.

28. The Defendant, MEADOWBROOK CGC, LLC, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises. Further, the Defendant failed to warn its lawful invitees and the public, including but not limited to VADIM LINNANKIVI, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed same.

8

29.     The negligence of the Defendant proximately caused the injuries of VADIM LINNANKIVI and directly led to the criminal assault and shooting of VADIM LINNANKIVI in the following manner:

> A.     There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault.
>
> B.     There was inadequate and/or nonexistent physical deterrence to prevent said criminal assault and murder.
>
> C.     Criminals could carry out physical assaults on the Defendant's premises without fear of being caught, discovered, and/or prosecuted.
>
> D.     An atmosphere was created at the Defendant's premises, which facilitated the commission of crimes against persons.

30.     WHEREFORE the Plaintiff, as a direct and proximate result of the negligent conduct of Defendant COVENANT PROPERTY SERVICES CORPORATION, has suffered significant and permanent physical injury, emotional distress and other damages in excess of $25,000.00.

## COUNT II - NEGLIGENCE OF DEFENDANT COVENANT PROPERTY SERVICES CORPORATION

31.     Defendant COVENANT PROPERTY SERVICES CORPORATION, at all times relevant, served as the property manager for BROOKRIDGE.

32.     At all material times, the Defendant, COVENANT, through its agents and employees, owed a duty to its lawful invitees and the public to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its lawful invitees and the public. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its lawful invitees and the public, including, VADIM LINNANKIVI, from criminal attacks which were reasonably foreseeable.

9

33.     At all material times, the Defendant, COVENANT, through its agents and employees, knew or in the exercise of reasonable care should have known that the apartment complex located at 9023 E. WT Harris Boulevard, Charlotte, North Carolina and areas adjacent thereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on the Defendant's lawful invitees and the public unless the Defendant took steps to provide proper security for such individuals.

34.     At all material times, the Defendant, COVENANT, through its agents and employees, knew or in the exercise of reasonable care should have known that numerous violent criminal acts including, but not limited to, aggravated assaults and strong-arm robberies, had occurred on its premises located at 9023 E. WT Harris Boulevard, Charlotte, North Carolina and areas adjacent thereto, prior to November 6, 2019.

35.     The Defendant, COVENANT, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including VADIM LINNANKIVI, had it within his power to take the measures necessary to provide for his own security on the premises.

36.     As a result of the paragraphs above, at all material times, the criminal attack and shooting of VADIM LINNANKIVI was reasonably foreseeable, and the Defendant, COVENANT was in a superior position to appreciate such hazards and take necessary steps to prevent harm to the lawful invitees and the public, including but not limited to VADIM LINNANKIVI.

37.     At the above-mentioned time and place, the Defendant, COVENANT, by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its lawful invitees and the public, including VADIM LINNANKIVI, and acted in a careless and negligent manner through the following acts of omission or commission:

10

A.  Failing to provide adequate security for its lawful invitees and the public, including VADIM LINNANKIVI;

B.  Failing to warn its lawful invitees and the public, including VADIM LINNANKIVI, of the nature and character of the surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on and/or near the Defendant's premises prior to the herein incident;

C.  Failing to warn, protect, guard, and secure the safety of its lawful invitees and of the public, including VADIM LINNANKIVI, when the Defendant knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the premise of COVENANT.

D.  Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its lawful invitees and the public at the subject premise, when Defendant knew or should have known of foreseeable criminal acts;

E.  Failing to hire and/or retain any private security personnel to patrol and/or monitor the subject premise, thereby protecting its lawful invitees and the public, including VADIM LINNANKIVI;

F.  Failing to have a sufficient number of guards in visible areas at the subject premise to deter crime, thereby protecting its, lawful invitees and the public, including VADIM LINNANKIVI;

G.  Failing to have an adequate number of security guards at the subject premises to protect its lawful invitees and the public, including VADIM LINNANKIVI;

H. Failing to hire and/or retain competent security guards to protect its lawful invitees and the public, including VADIM LINNANKIVI;

I. Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its lawful invitees and the public, including VADIM LINNANKIVI;

J. Failing to provide proper and sufficient lighting for the subject premise, including but not limited to exterior building lighting at the premise and surrounding areas;

K. Failing to have surveillance cameras in such locations throughout the subject premise, including but not limited to the exterior of the building and parking lot area;

L. Failing to have an adequate number of surveillance cameras at the subject premise and surrounding areas, including but not limited to the areas of the premises where the incident occurred;

M. Failing to position surveillance cameras in appropriate locations such that the parking area and surrounding areas where the Plaintiff was shot was adequately visually monitored, and/or said cameras would act as a deterrent against criminal activity;

N. Failing to have and/or maintain surveillance cameras in working condition on the subject premise such that every camera was able to monitor and record activity in its line of view;

O. Failing to implement adequate security policies, security measures, and security procedures necessary to protect VADIM LINNANKIVI and other lawful invitees and members of the public at the subject premises;

P. Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

12

Q.      Failing to adequately provide an overall security plan for the subject premise that would meet the known industry standards and customs for safety in the community;

R.      Failing to provide a reasonably safe structural layout of the subject property upon purchasing said property as a premises;

S.      The preceding paragraphs "A" through "R", individually and/or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar premises in the local community; and

T.      Additional acts of negligence not yet discovered.

38.     The Defendant, COVENANT, through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, and/or security of the area where the subject incident occurred, or in the alternative:

A.      The Defendant, COVENANT, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the area where the subject incident occurred; however, the Defendant negligently and carelessly failed to implement said procedures; or in the alternative,

B.      The Defendant, COVENANT, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner.

39.     At all material times, the Defendant, COVENANT, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of its lawful invitees and the public, including the areas of the building where the subject incident occurred.

13

40.     The Defendant, COVENANT, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises. Further, the Defendant failed to warn its lawful invitees and the public, including but not limited to VADIM LINNANKIVI, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed same.

41.     The negligence of the Defendant proximately caused the injuries of VADIM LINNANKIVI and directly led to the criminal assault and shooting of VADIM LINNANKIVI in the following manner:

        A.     There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault;

        B.     There was inadequate and/or nonexistent physical deterrence to prevent said criminal assault and murder;

        C.     Criminals could carry out physical assaults on the Defendant's premises without fear of being caught, discovered, and/or prosecuted and

        D.     An atmosphere was created at the Defendant's premises, which facilitated the commission of crimes against persons.

43.     WHEREFORE the Plaintiff, as a direct and proximate result of the negligent conduct of Defendant COVENANT, has suffered significant and permanent physical injury, emotional distress and other damages in excess of $25,000.00.

## COUNT III - NEGLIGENCE OF DEFENDANT CEDAR GROVE CAPITAL, LLC

44.     Plaintiff reiterates and re-alleges all the allegations contained in paragraphs one (1) through forty-four (44) above of this Complaint as though more fully stated herein.

45. Defendant CEDAR GROVE CAPITAL, LLC, at all times relevant, is believed to be the owner of the real property known as 9023 E. WT Harris Boulevard and is believed to be the parent corporation of BROOKRIDGE, MEADOWBROOK, COVENANT PROPERTY SERVICES CORPORATION, AND/OR CEDAR GROVE PARTNERS, LLC.

46. Upon information and belief, Defendants GORIN and/or LEVITZ are members and/or managers of Defendant CEDAR GROVE CAPITAL, LLC.

47. At all material times, the Defendant, CEDAR GROVE CAPITAL, LLC, through its agents and employees, owed a duty to its lawful invitees and the public to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its lawful invitees and the public. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its lawful invitees and the public, including VADIM LINNANKIVI, from criminal attacks which were reasonably foreseeable.

47. At all material times, the Defendant, CEDAR GROVE CAPITAL, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that the apartment complex located at 9023 E. WT Harris Boulevard, Charlotte, NC and areas adjacent thereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on the Defendant's lawful invitees and the public unless the Defendant took steps to provide proper security for such individuals.

48. At all material times, the Defendant, CEDAR GROVE CAPITAL, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that numerous violent criminal acts including, but not limited to, aggravated assaults and strong-arm robberies, had occurred on its premises located at 9023 E. WT Harris Boulevard, Charlotte, NC and areas adjacent thereto, prior to November 6, 2019.

49.     The Defendant, CEDAR GROVE CAPITAL, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including VADIM LINNANKIVI, had it within his power to take the measures necessary to provide for his own security on the premises.

50.     As a result of the paragraphs above, at all material times, the criminal attack and shooting of VADIM LINNANKIVI was reasonably foreseeable, and the Defendant, CEDAR GROVE CAPITAL, LLC, was in a superior position to appreciate such hazards and take necessary steps to prevent harm to the lawful invitees and the public, including but not limited to VADIM LINNANKIVI.

51.     At the above-mentioned time and place, the Defendant, CEDAR GROVE CAPITAL, LLC, by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its lawful invitees and the public, including VADIM LINNANKIVI, and acted in a careless and negligent manner through the following acts of omission or commission:

   a.     Failing to provide adequate security for its lawful invitees and the public, including VADIM LINNANKIVI;

   b.     Failing to warn its lawful invitees and the public, including VADIM LINNANKIVI, of the nature and character of the surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on and/or near the Defendant's premises prior to the herein incident;

   c.     Failing to warn, protect, guard, and secure the safety of its lawful invitees and of the public, including VADIM LINNANKIVI, when the Defendant knew or should have known that the subject premises had a history of similar

16

criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the premise of CEDAR GROVE CAPITAL, LLC;

d.      Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its lawful invitees and the public at the subject premise, when Defendant knew or should have known of foreseeable criminal acts;

e.      Failing to hire and/or retain any private security personnel to patrol and/or monitor the subject premise, thereby protecting its lawful invitees and the public, including VADIM LINNANKIVI;

f.      Failing to have a sufficient number of guards in visible areas at the subject premise to deter crime, thereby protecting its, lawful invitees and the public, including VADIM LINNANKIVI;

g.      Failing to have an adequate number of security guards at the subject premises to protect its lawful invitees and the public, including VADIM LINNANKIVI;

h.      Failing to hire and/or retain competent security guards to protect its lawful invitees and the public, including VADIM LINNANKIVI;

i.      Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its lawful invitees and the public, including VADIM LINNANKIVI;

j.      Failing to provide proper and sufficient lighting for the subject premise, including but not limited to exterior building lighting at the premise and surrounding areas;

17

k.   Failing to have surveillance cameras in such locations throughout the subject premise, including but not limited to the exterior of the building and parking lot area;

l.   Failing to have an adequate number of surveillance cameras at the subject premise and surrounding areas, including but not limited to the areas of the premises where the incident occurred;

m.   Failing to position surveillance cameras in appropriate locations such that the parking area and surrounding areas where the Plaintiff was shot was adequately visually monitored, and/or said cameras would act as a deterrent against criminal activity;

n.   Failing to have and/or maintain surveillance cameras in working condition on the subject premise such that every camera was able to monitor and record activity in its line of view;

o.   Failing to implement adequate security policies, security measures, and security procedures necessary to protect VADIM LINNANKIVI and other lawful invitees and members of the public at the subject premises;

p.   Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

q.   Failing to adequately provide an overall security plan for the subject premise that would meet the known industry standards and customs for safety in the community;

r.   Failing to provide a reasonably safe structural layout of the subject property upon purchasing said property as a premises;

18

s. The preceding paragraphs "A" through "R", individually and/or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar premises in the local community; and

t. Additional acts of negligence not yet discovered.

52. The Defendant, CEDAR GROVE CAPITAL, LLC, through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, and/or security of the area where the subject incident occurred, or in the alternative:

a. The Defendant, CEDAR GROVE CAPITAL, LLC, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the area where the subject incident occurred; however, the Defendant negligently and carelessly failed to implement said procedures; or in the alternative,

b. The Defendant, CEDAR GROVE CAPITAL, LLC, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner.

53. At all material times, the Defendant, CEDAR GROVE CAPITAL, LLC, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of its lawful invitees and the public, including the areas of the building where the subject incident occurred.

54. The Defendant, CEDAR GROVE CAPITAL, LLC, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises. Further, the Defendant failed to warn its lawful invitees and the public, including

19

but not limited to VADIM LINNANKIVI, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed same.

55.    The negligence of the Defendant proximately caused the injuries of VADIM LINNANKIVI and directly led to the criminal assault and shooting of VADIM LINNANKIVI in the following manner:

a.    There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault;

b.    There was inadequate and/or nonexistent physical deterrence to prevent said criminal assault and murder;

c.    Criminals could carry out physical assaults on the Defendant's premises without fear of being caught, discovered, and/or prosecuted; and

d.    An atmosphere was created at the Defendant's premises, which facilitated the commission of crimes against persons.

56.    As a direct and proximate result of the negligent conduct of Defendant CEDAR GROVE CAPITAL, LLC, Plaintiff suffered significant and permanent physical injury, emotional distress and other damages in excess of $25,000.00.

## COUNT IV- NEGLIGENCE OF DEFENDANT CEDAR GROVE CAPITAL PARTNERS, LLC

57.    Plaintiff reiterates and re-alleges all the allegations contained in paragraphs one (1) through fifty-seven (56) above of this Complaint as though more fully stated herein.

58.    At all material times, the Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, through their agents and employees, owed a duty to its lawful invitees and the public to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use

20

by its lawful invitees and the public. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its lawful invitees and the public, including, VADIM LINNANKIVI, from criminal attacks which were reasonably foreseeable.

59. At all material times, the Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that the apartment complex located at 9023 E. WT Harris Boulevard, Charlotte, NC and areas adjacent thereto, was in a high crime area, that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on the Defendant's lawful invitees and the public unless the Defendant took steps to provide proper security for such individuals.

60. At all material times, the Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that numerous violent criminal acts including, but not limited to, aggravated assaults and strong-arm robberies, had occurred on its premises located at 9023 E. WT Harris Boulevard, Charlotte, NC and areas adjacent thereto, prior to November 6, 2019.

61. The Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including VADIM LINNANKIVI, had it within his power to take the measures necessary to provide for his own security on the premises.

62. As a result of the paragraphs above, at all material times, the criminal attack and shooting of VADIM LINNANKIVI was reasonably foreseeable, and the Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, was in a superior position to appreciate such hazards and take necessary steps to prevent harm to the lawful invitees and the public, including but not limited to VADIM LINNANKIVI.

63. At the above-mentioned time and place, the Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its lawful invitees and the public, including VADIM LINNANKIVI, and acted in a careless and negligent manner through the following acts of omission or commission:

a.  Failing to provide adequate security for its lawful invitees and the public, including VADIM LINNANKIVI;

b.  Failing to warn its lawful invitees and the public, including VADIM LINNANKIVI, of the nature and character of the surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on and/or near the Defendant's premises prior to the herein incident;

c.  Failing to warn, protect, guard, and secure the safety of its lawful invitees and of the public, including VADIM LINNANKIVI, when the Defendant knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the premise of CEDAR GROVE CAPITAL PARTNERS, LLC.

d.  Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its lawful invitees and the public at the subject premise, when Defendant knew or should have known of foreseeable criminal acts;

22

e.      Failing to hire and/or retain any private security personnel to patrol and/or monitor the subject premise, thereby protecting its lawful invitees and the public, including VADIM LINNANKIVI;

f.      Failing to have a sufficient number of guards in visible areas at the subject premise to deter crime, thereby protecting its, lawful invitees and the public, including VADIM LINNANKIVI;

g.      Failing to have an adequate number of security guards at the subject premises to protect its lawful invitees and the public, including VADIM LINNANKIVI;

h.      Failing to hire and/or retain competent security guards to protect its lawful invitees and the public, including VADIM LINNANKIVI;

i.      Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its lawful invitees and the public, including VADIM LINNANKIVI;

j.      Failing to provide proper and sufficient lighting for the subject premise, including but not limited to exterior building lighting at the premise and surrounding areas;

k.      Failing to have surveillance cameras in such locations throughout the subject premise, including but not limited to the exterior of the building and parking lot area;

l.      Failing to have an adequate number of surveillance cameras at the subject premise and surrounding areas, including but not limited to the areas of the premises where the incident occurred;

m.    Failing to position surveillance cameras in appropriate locations such that the parking area and surrounding areas where the Plaintiff was shot was adequately visually monitored, and/or said cameras would act as a deterrent against criminal activity;

n.    Failing to have and/or maintain surveillance cameras in working condition on the subject premise such that every camera was able to monitor and record activity in its line of view;

o.    Failing to implement adequate security policies, security measures, and security procedures necessary to protect VADIM LINNANKIVI and other lawful invitees and members of the public at the subject premises;

p.    Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

q.    Failing to adequately provide an overall security plan for the subject premise that would meet the known industry standards and customs for safety in the community;

r.    Failing to provide a reasonably safe structural layout of the subject property upon purchasing said property as a premises;

s.    The preceding paragraphs "A" through "R", individually and/or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar premises in the local community; and

t.    Additional acts of negligence not yet discovered.

64. The Defendant, COVENANT PROPERTY SERVICES CORPORATION, through its agents and employees, negligently failed to have any procedures governing the inspection, supervision, and/or security of the area where the subject incident occurred, or in the alternative:

24

a.    The Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of the area where the subject incident occurred; however, the Defendant negligently and carelessly failed to implement said procedures; or in the alternative,

b.    The Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, through its agents and employees, did have procedures governing the inspection, supervision, and security of the area where the subject incident occurred, but implemented same in a careless and negligent manner.

c.    At all material times, the Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of its lawful invitees and the public, including the areas of the building where the subject incident occurred.

d.    The Defendant, CEDAR GROVE CAPITAL PARTNERS, LLC, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises. Further, the Defendant failed to warn its lawful invitees and the public, including but not limited to VADIM LINNANKIVI, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed same.

65. The negligence of the Defendant proximately caused the injuries of VADIM LINNANKIVI and directly led to the criminal assault and shooting of VADIM LINNANKIVI in the following manner:

    a.    There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault.

    b.    There was inadequate and/or nonexistent physical deterrence to prevent said criminal assault and murder.

    c.    Criminals could carry out physical assaults on the Defendant's premises without fear of being caught, discovered, and/or prosecuted.

    d.    An atmosphere was created at the Defendant's premises, which facilitated the commission of crimes against persons.

66. WHEREFORE the Plaintiff, as a direct and proximate result of the negligent conduct of Defendant COVENANT PROPERTY SERVICES CORPORATION, has suffered significant and permanent physical injury, emotional distress and other damages in excess of $25,000.00.

## COUNT V- ALLEGATIONS IN SUPPORT OF THE DOCTRINE OF PIERCING THE CORPORATE VEIL TO IMPOSE LIABILITY ON MEMBER/MANAGERS AND CEDAR GROVE PARTNERS, LLC

67. Plaintiff reiterates and re-alleges all the allegations contained in paragraphs one (1) through sixty-seven (66) above of this Complaint as though more fully stated herein.

68. Upon information and belief, Aaron Gorin, Steve Levitz, Cedar Grove Partners, LLC, and other unknown persons are members, managers, or holders of an ownership interest in MEADOWBROOK CGC, LLC, COVENANT PROPERTY SERVICES CORPORATION and CEDAR GROVE CAPITAL, LLC.

69. Upon information and belief, some or all of the corporations named herein are shell corporations and hold no assets.

70. Upon information and belief, at all times relevant, corporate formalities were not followed.

71. Upon information and belief, the defendant entities co-mingled or otherwise intertwined their interests. Specifically, in separate legal documents, both MEADOWBROOK CGC, LLC and CEDAR GROVE CAPITAL, LLC are listed as owners of the subject property known as BROOKRIDGE APARTMENTS.

72. Upon information and belief and during the pendency of the previous action filed in this matter, MEADOWBROOK was allowed to administratively dissolve and is inadequately capitalized. It is further believed that any funds resulting from that dissolution were distributed to its members and/or managers, or to other shell entities associated with the Defendants AARON GORIN, STEVE LEVITZ, CEDAR GROVE CAPITAL, LLC and/or CEDAR GROVE CAPITAL PARTNERS.

73. WHEREFORE the Plaintiff, as a direct and proximate result of the negligent conduct of Defendants, jointly and severally, has suffered significant and permanent physical injury, emotional distress and other damages in excess of $25,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, VADIM LINNANKIVI prays unto this Court:

1. That Plaintiff have and recover judgment against Defendants, MEADOWBROOK CGC, LLC, COVENANT PROPERTY SERVICES CORPORATION, CEDAR GROVE PARTNERS, LLC, CEDAR GROVE CAPITAL, LLC, AARON GORIN AND STEVEN LEVITZ, jointly and severally, in an amount in excess of $25,000.00;

2. That the costs of these proceedings be taxed to the Defendants, along with applicable post-judgment interest;

3. That Plaintiff be granted a trial by jury on all issues so triable; and

4. That the Court grant such other relief as it deems just and proper.

This the _____ day of July 2022.

**BENOIT LAW FIRM, PLLC**

By: _____
Dexter G. Benoit (NC Bar# 41752)
Mary F. Parker (NC Bar # 55859)
1514 S. Church St. Ste. 106
Charlotte, NC 28203
P: (877) 600-7212
F: (800) 878-6127
*dexter@benoitlawfirm.com*
*mary@benoitlawfirm.com*

Attorneys for Plaintiff

28

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                                          SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG    FILED          22 CVS 11522

---

VADIM LINNANKIVI, individually, AUG 31  P 1: 23
                    Plaintiff,

v.                                  MECKLENBURG COUNTY. C.S.C

MEADOWBROOK CGC, LLC,
COVENANT PROPERTY SERVICES                    **NOTICE OF APPEARANCE**
CORPORATION, CEDAR GROVE
CAPITAL PARTNERS, LLC, CEDAR
GROVE CAPITAL, LLC, AARON GORIN,
and STEVE LEVITZ,
                    Defendants.

---

Please take notice that Shelley W. Coleman (NC Bar No. 22783) and Diane K.

Pappayliou (NC Bar No. 50921) of the Law Firm of Butler Snow, L.L.P., 6752 Rock Spring

Road, Suite 310, Wilmington, North Carolina 28405, hereby enter their appearance in this case

as the attorneys of record for Defendants Meadowbrook CGC, LLC, Covenant Property Services

Corporation and Cedar Grove Capital, LLC.

This the 29th day of August, 2022.

                              BUTLER SNOW, LLP

                    By:  _Dian K Pappayliou_____
                         SHELLEY W. COLEMAN
                         NC State Bar No. 22783
                         DIANE K. PAPPAYLIOU
                         NC State Bar No. 50921
                         Attorney for Defendants Meadowbrook,
                          Covenant & Cedar Grove Capital
                         6752 Rock Spring Road, Suite 310
                         Wilmington, NC  28405
                         (910) 550-1320

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon all counsel of Record by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope addressed as follows:

> Dexter G. Benoit
> Mary F. Parker
> Benoit Law Firm, PLLC
> 1514 S. Church Street, Suite 106
> Charlotte, NC 28203
> *Counsel for Plaintiff*

This the ____ day of August, 2022.

**SHELLEY W. COLEMAN**
**DIANE K. PAPPAYLIOU**

65480204.v1

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

FILED

2022 AUG 31 P 1:24

MECKLENBURG COUNTY, C.S.C.

BY

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**22 CVS 11522**

---

VADIM LINNANKIVI, individually,
                              Plaintiff,

v.

MEADOWBROOK CGC, LLC,
COVENANT PROPERTY SERVICES
CORPORATION, CEDAR GROVE
CAPITAL PARTNERS, LLC, CEDAR
GROVE CAPITAL, LLC, AARON GORIN,
and STEVE LEVITZ,
                              Defendants.

**MOTION TO EXTEND TIME**
**[EXTM]**

---

    Pursuant to Rule 6(b) of the Rules of Civil Procedure, defendants Meadowbrook CGC, LLC, Covenant Property Services Corporation and Cedar Grove Capital, LLC (hereafter "Defendants"), by and through counsel, respectfully move the Court for an order extending time in which to answer the complaint until and including October 6, 2022, and in support thereof shows unto the court that additional time is needed to investigate and gather information and prepare the answer. The complaint was served on the Defendants' registered agent by certified mail on August 5, 2022. By our calculations, our initial period to answer or otherwise plead runs on September 6, 2022. As such, we request that you enter an order enlarging our time to answer or otherwise plead through and including October 6, 2022.

    This the 29th day of August, 2022.

                        **BUTLER SNOW, LLP**

                        **By:** _Diane K. Pappayliou_

                        SHELLEY W. COLEMAN
                        NC State Bar No. 22783
                        DIANE K. PAPPAYLIOU
                        NC State Bar No. 50921
                        Attorney for Defendants
                        6752 Rock Spring Road, Suite 310
                        Wilmington, NC 28405
                        (910) 550-1320

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon all counsel of Record by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope addressed as follows:

> Dexter G. Benoit
> Mary F. Parker
> Benoit Law Firm, PLLC
> 1514 S. Church Street, Suite 106
> Charlotte, NC 28203
> *Counsel for Plaintiff*

This the 29th day of August, 2022.

**SHELLEY W. COLEMAN**
**DIANE K. PAPPAYLIOU**

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 11522

FILED

VADIM LINNANKIVI, individually,

Plaintiff,

v.

MEADOWBROOK CGC, LLC,
COVENANT PROPERTY SERVICES
CORPORATION, CEDAR GROVE
CAPITAL PARTNERS, LLC, CEDAR
GROVE CAPITAL, LLC, AARON GORIN,
and STEVE LEVITZ,

Defendants.

**ORDER EXTENDING TIME**

THIS CAUSE being heard by the undersigned Clerk on motion of Meadowbrook CGC, LLC, Covenant Property Services Corporation and Cedar Grove Capital, LLC for an order extending time in which to serve an answer to the complaint, pursuant to Rule 6(b) of the Rules of Civil Procedure; and it appearing to the Court that the time has not expired for answering said complaint; and that the motion should be allowed.

It is thereby ordered that the time in which to answer or otherwise plead be extended to and including October 6, 2022.

Clerk of Superior Court

65480781.v1

NORTH CAROLINA

MECKLENBURG COUNTY

FILED

VADIM LINNANKIVI, individually,

        Plaintiff,

    v.

MEADOWBROOK CGC, LLC,
COVENANT PROPERTY SERVICES
CORPORATION, CEDAR GROVE
CAPITAL PARTNERS, LLC, CEDAR
GROVE CAPITAL, LLC, AARON
GORIN, and STEVE LEVITZ,

        Defendants.

2022 SEP -2 A 9: 59

MECKLENBURG COUNTY, C.S.C.

BY

MOTION FOR ENLARGEMENT
OF TIME TO RESPOND TO
PLAINTIFF'S COMPLAINT

NOW COMES, Defendant CEDAR GROVE CAPITAL PARTNERS, LLC by and through its undersigned counsel of record, and moves, pursuant to the provisions of Rule 6 of the North Carolina Rules of Civil Procedure, for enlargement of the time within which to serve answer or otherwise respond to Plaintiff's Complaint. In support of this Motion, Defendant CEDAR GROVE CAPITAL PARTNERS, LLC, shows unto this Court:

1.     Plaintiff served their Complaint on Defendant CEDAR GROVE CAPITAL PARTNERS, LLC through their Registered Agent, Vcorp Services, LLC, who indicate a date of service of process of 5 August 2022.

2.     The time within which Defendant might serve answer or otherwise respond to Plaintiff's Complaint has not expired, nor has a previous extension been requested or granted.

WHEREFORE, Defendant respectfully requests enlargement of the time within which to answer or otherwise respond to Plaintiff's Complaint for an additional thirty days, through and including 4 October 2022.

This, the 31st day of August , 2022.

Richard L. Metcalf
N.C. State Bar No. 47947
*Attorney for Defendant Cedar Grove
Capital Partners, LLC*

- 1 -

22 CvS 11522 – *Linnankivi v. Meadowbrook CGC, LLC et al.*

METCALF LAW FIRM, PLLC
110 John Wesley Way (27401)
P.O. Box 4491
Greensboro, North Carolina 27404
(336) 355-8814
rmetcalf@metcalflawfirmpllc.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been served upon the Plaintiff hereto by mailing copies thereof by first-class, postage prepaid U.S. Mail to the following:

Dexter Benoit, Esq.
Mary F. Parker, Esq.
Benoit Law Firm, PLLC
1514 S. Church Street, Suite 106
Charlotte, NC 28203

This, the 31st day of August ,2022.

- 2 -

NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CvS 11522

FILED

2022 SEP 12 A 9: 59

MECKLENBURG COUNTY, C.S.C.

BY_____

VADIM LINNANKIVI, individually,

Plaintiff,

v.

MEADOWBROOK CGC, LLC,
COVENANT PROPERTY SERVICES
CORPORATION, CEDAR GROVE
CAPITAL PARTNERS, LLC, CEDAR
GROVE CAPITAL, LLC, AARON
GORIN, and STEVE LEVITZ,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER FOR ENLARGEMENT
OF TIME TO RESPOND TO
PLAINTIFF'S COMPLAINT

THIS CAUSE, being heard by the undersigned Clerk on motion of CEDAR
GROVE CAPITAL PARTNERS, LLC; and based on Defendant's foregoing Motion
for Enlargement of Time to Respond to Plaintiff's Complaint pursuant to Rule
6(b) of the Rules of Civil Procedure; and it appearing to the Court that the time
has not expired for answering or otherwise responding to the complaint in this
matter; and that the Motion should be allowed.

IT IS THEREFORE NOW ORDERED that Defendant is hereby granted an
enlargement of time up to and including 4 October 2022, within which to answer
or otherwise respond to Plaintiff's Complaint.

This, the __2__ day of ___Sept___, 2022.

_____
Clerk of Superior Court

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

FILED
2022 SEP -6 ☐ 1: 29
MECKLENBURG... C.S.C.
BY_____

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**22 CVS 11522**

---

VADIM LINNANKIVI, individually,
                     **Plaintiff,**

v.

**MEADOWBROOK CGC, LLC,**
**COVENANT PROPERTY SERVICES**
**CORPORATION, CEDAR GROVE**
**CAPITAL PARTNERS, LLC, CEDAR**
**GROVE CAPITAL, LLC, AARON GORIN,**
**and STEVE LEVITZ,**
                     **Defendants.**

**NOTICE OF APPEARANCE**

---

Please take notice that Shelley W. Coleman (NC Bar No. 22783) and Diane K.

Pappayliou (NC Bar No. 50921) of the Law Firm of Butler Snow, L.L.P., 6752 Rock Spring

Road, Suite 310, Wilmington, North Carolina 28405, hereby enter their appearance in this case

as the attorneys of record for Defendants Meadowbrook CGC, LLC, Covenant Property Services

Corporation and Cedar Grove Capital, LLC.

This the 29th day of August, 2022.

                              **BUTLER SNOW, LLP**

                         **By:** _Diane K Pappayliou_

                              **SHELLEY W. COLEMAN**
                              NC State Bar No. 22783
                              **DIANE K. PAPPAYLIOU**
                              NC State Bar No. 50921
                              **Attorney for Defendants Meadowbrook,**
                                **Covenant & Cedar Grove Capital**
                              **6752 Rock Spring Road, Suite 310**
                              **Wilmington, NC 28405**
                              **(910) 550-1320**

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon all counsel of Record by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope addressed as follows:

> Dexter G. Benoit
> Mary F. Parker
> Benoit Law Firm, PLLC
> 1514 S. Church Street, Suite 106
> Charlotte, NC 28203
> *Counsel for Plaintiff*

This the ____ day of August, 2022.

**SHELLEY W. COLEMAN**
**DIANE K. PAPPAYLIOU**

65480204.v1

2

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 11522**

FILED

2022 SEP -6 P 1: 29

MECKLENBURG CO... C.S.C.

BY_____

---

VADIM LINNANKIVI, individually,

            **Plaintiff,**

v.

MEADOWBROOK CGC, LLC,
COVENANT PROPERTY SERVICES
CORPORATION, CEDAR GROVE
CAPITAL PARTNERS, LLC, CEDAR
GROVE CAPITAL, LLC, AARON GORIN,
and STEVE LEVITZ,

            **Defendants.**

**MOTION TO EXTEND TIME
[EXTM]**

---

       Pursuant to Rule 6(b) of the Rules of Civil Procedure, defendants Meadowbrook CGC,
LLC, Covenant Property Services Corporation and Cedar Grove Capital, LLC (hereafter
"Defendants"), by and through counsel, respectfully move the Court for an order extending time
in which to answer the complaint until and including October 6, 2022, and in support thereof
shows unto the court that additional time is needed to investigate and gather information and
prepare the answer. The complaint was served on the Defendants' registered agent by certified
mail on August 5, 2022. By our calculations, our initial period to answer or otherwise plead runs
on September 6, 2022. As such, we request that you enter an order enlarging our time to answer
or otherwise plead through and including October 6, 2022.

       This the 29th day of August, 2022.

                         **BUTLER SNOW, LLP**

       **By:**    _Diane K. Pappayliou_____

                         SHELLEY W. COLEMAN
                         NC State Bar No. 22783
                         DIANE K. PAPPAYLIOU
                         NC State Bar No. 50921
                         **Attorney for Defendants**
                         **6752 Rock Spring Road, Suite 310**
                         **Wilmington, NC 28405**
                         **(910) 550-1320**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon all counsel of Record by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope addressed as follows:

> Dexter G. Benoit
> Mary F. Parker
> Benoit Law Firm, PLLC
> 1514 S. Church Street, Suite 106
> Charlotte, NC 28203
> *Counsel for Plaintiff*

This the 29th day of August, 2022.

**SHELLEY W. COLEMAN**
**DIANE K. PAPPAYLIOU**

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**22 CVS 11522**

---

VADIM LINNANKIVI, individually,
           **Plaintiff,**

v.

MEADOWBROOK CGC, LLC,
COVENANT PROPERTY SERVICES
CORPORATION, CEDAR GROVE
CAPITAL PARTNERS, LLC, CEDAR
GROVE CAPITAL, LLC, AARON GORIN,
and STEVE LEVITZ,
           **Defendants.**

**ORDER EXTENDING TIME**

---

      THIS CAUSE being heard by the undersigned Clerk on motion of Meadowbrook CGC, LLC, Covenant Property Services Corporation and Cedar Grove Capital, LLC for an order extending time in which to serve an answer to the complaint, pursuant to Rule 6(b) of the Rules of Civil Procedure; and it appearing to the Court that the time has not expired for answering said complaint; and that the motion should be allowed.

      It is thereby ordered that the time in which to answer or otherwise plead be extended to and including October 6, 2022.

_____
ASST   Clerk of Superior Court

65480781.v1

3