NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                  SUPERIOR COURT DIVISION
MECKLENBURG COUNTY        FILED        22 CvS 11522

VADIM LINNANKIVI, individually,     )
                          2022 SEP 12 P 2: 29
          Plaintiff,                )
                                    )
                      MECKLENBURG COUNTY, C.S.C.
     v.                             )
                                    )      MOTION FOR PROTECTIVE
MEADOWBROOK CGC, LLC, BY            )             ORDER
COVENANT PROPERTY SERVICES          )
CORPORATION, CEDAR GROVE            )
CAPITAL PARTNERS, LLC, CEDAR        )
GROVE CAPITAL, LLC, AARON           )
GORIN, and STEVE LEVITZ,            )
                                    )
          Defendants.               )
                                    )

NOW COME, Defendants CEDAR GROVE CAPITAL PARTNERS, LLC, AARON
GORIN, and STEVE LEVITZ, by and through their counsel, RICHARD L.
METCALF, ESQ. and move this Court pursuant to N.C. Gen. Stat. § 132-1.4 for a
Consent Protective Order so that any information provided by the Charlotte-
Mecklenburg Police Department ("CMPD") related to confidential criminal
investigative materials, excluding custodial law enforcement agency recordings
pursuant to N.C. Gen. Stat. § 132-1.4A, identified by Complaint # 20191106-0008-01
shall be used solely for the pending litigation or preparation for possible
litigation, and shall not be used or disclosed by counsel for any other purpose and
shall not be distributed publically. Undersigned counsel agrees that no materials
produced by the CMPD pursuant to this Order shall be disseminated to any other
party to this action without being subject to the provisions of this Order and
counsel for the CMPD consents to the entry of such an Order. Undersigned
counsel further agrees to reimburse the CMPD for document and electronic
reproduction fees, at the rate of ten dollars and zero cents ($10.00), which will
cover the cost of the USB drive containing a copy of the investigatory file, payable
upon notification that the investigatory file has been converted to the electronic
format.


WE CONSENT:

_____          _____
Richard Perlungher                Richard L. Metcalf
*Attorney for CMPD*               *Attorney for Defendants Cedar Grove*
                                  *Capital Partners, LLC, Aaron Gorin, and*
                                  *Steve Levitz*


- 1 -

## CONSENT PROTECTIVE ORDER

Per the consent of the parties, it is SO STIPULATED AND ORDERED.

This the 29 day of Sept, 2022.

Presiding Superior Court Judge

MECKLENBURG COUNTY
FILED #111

SEP 2 9 2022

AT
BY_____ O'CLOCK___M
CLERK OF SUPERIOR COURT

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
MECKLENBURG COUNTY      SUPERIOR COURT DIVISION
        CASE NO: 22-CVS-11522

VADIM LINNANKIVI,

     Plaintiff,

     vs.

MEADOWBROOK CGC, LLC, COVENANT
PROPERTY SERVICES CORPORATION,
CEDAR GROVE CAPITAL PARTNERS,
LLC, CEDAR GROVE CAPITAL, LLC
AARON GORIN and STEVEN LEVITZ,

     Defendants.

**ACCEPTANCE OF SERVICE OF
SUMMONS AND COMPLAINT**

     **NOW COMES** counsel for Defendants Aaron Gorin and Steven Levitz and hereby accepts service of this Complaint and Summons and acknowledges receipt of a copy of the Complaint and Summons in this action pending in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina. It is Richard Metcalf's, Defendant Aaron Gorin and Steven Levitz's understanding that this Acceptance of Service is executed in accordance with the applicable North Carolina Rules of Civil Procedure and that this Acceptance shall have the same force and effect as would exist had the process been served upon them by personal delivery of a copy of the Complaint and Summons.

This the ___26___ day of September, 2022.

            _(signature)_
            Richard L. Metcalf Esq.
            METCALF LAW FIRM, PLLC
            110 John Wesley Way (27401)
            PO Box 4491
            Greensboro, NC 27404
            (p) 336-355-8814
            *Attorney for Cedar Grove Capital*
            *Partners, LLC, Aaron Gorin and*
            *Steven Levitz*

Sworn to and subscribed before me, this the 26 day of September, 2022.

*Erica Weiss*
Official Signature of Notary Public

Erica Weiss , Notary Pubic
(SEAL)

My Commission Expires: 11-13-26

ERICA WEISS
NOTARY
My Comm. Expires
11-13-26
FORSYTH COUNTY, NC
PUBLIC

# STATE OF NORTH CAROLINA

MECKLENBURG County

File No. 22 CvS 11522

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name And Address Of Plaintiff 1
VADIM LINNANKIVI

FILED

2022 OCT -5 P 4: 28

MECKLENBURG COUNTY, C.S.C.

**VERSUS**

Name And Address Of Defendant 1
MEADOWBROOK CGC, LLC et al.

Summons Submitted
☐ Yes  ☐ No

Name And Address Of Defendant 2

Summons Submitted
☐ Yes  ☐ No

# GENERAL
# CIVIL ACTION COVER SHEET

☐ INITIAL FILING  ☒ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

Name And Address Of Attorney Or Party, If Not Represented
(complete for initial appearance or change of address)
RICHARD L. METCALF
P.O. BOX 4491
GREENSBORO, NC 27404

Telephone No.
336-355-8814

Cellular Telephone No.

NC Attorney Bar No.
47947

Attorney Email Address
rmetcalf@metcalflawfirmpllc.com

☒ Initial Appearance in Case  ☐ Change of Address

Name Of Firm
METCALF LAW FIRM, PLLC

Fax No.

Counsel For
☐ All Plaintiffs  ☐ All Defendants  ☒ Only: (list party(ies) represented)
CCEDAR GROVE CAPITAL PTNRS, A. GORIN, S. LEVITZ

☐ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

(check all that apply)

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☒ Answer/Reply (ANSW-Response) (see Note)
☐ Change Venue (CHVN)
☐ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (list on back) (CRSS) Assess Court Costs
☐ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☒ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (INPL)
☒ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VMOD)
☐ Withdraw As Counsel (WDCN)
☒ Other (specify and list each separately)
RULE 12 MOTIONS

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

(Over)

NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                        SUPERIOR COURT DIVISION
MECKLENBURG COUNTY      FILED              22 CvS 11522

VADIM LINNANKIVI, individually,    )
                                   )
         Plaintiff,    2022 OCT -5 P 4: 28
                                   )
                       MECKLENBURG COUNTY, C.S.C.
    v.                             )   DEFENDANT CEDAR GROVE
                                   )   CAPITAL PARTNERS, LLC
MEADOWBROOK CGC, LLC,              )   RULE 12 MOTIONS
COVENANT PROPERTY SERVICES        )   AND ANSWER TO PLAINTIFF'S
CORPORATION, CEDAR GROVE          )   COMPLAINT
CAPITAL PARTNERS, LLC, CEDAR      )
GROVE CAPITAL, LLC, AARON         )
GORIN, and STEVE LEVITZ,          )
                                   )
         Defendants.               )
                                   )

NOW COMES, Defendant CEDAR GROVE CAPITAL PARTNERS, LLC
("Responding Defendant") by and through their undersigned counsel of record,
and move, pursuant to the provisions of Rule 12 of the North Carolina Rules of
Civil Procedure, and answer and otherwise respond to Plaintiff's Complaint as
follows:

### Rule 12(b)(2) – Lack of Jurisdiction Over the Person

Responding Defendant moves the Court pursuant to North Carolina Rules of
Civil Procedure Rule 12(b)(2) to dismiss all claims against Responding Defendant
Cedar Grove Capital Partners, LLC, for lack of personal jurisdiction over Cedar
Grove Capital Partners, LLC as described by Affidavit.

### Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can be Granted

Responding Defendant moves the Court pursuant to North Carolina Rules of
Civil Procedure Rule 12(b)(6) to dismiss all claims against the Responding

- 1 -

Defendant as Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Answer and First Defense

1. Responding Defendant is without sufficient knowledge upon which they might form information and belief, and therefore Responding Defendant DENIES the allegations contained within paragraph 1.

2. ADMIT.

3. Responding Defendant ADMITS that Covenant Property Services Corporation is a New York corporation with its principal office located at 888 Woodmere Place, Unit C, Woodmere, New York 11598. Except as admitted herein, Responding Defendant DENIES the remaining allegations contained within paragraph no. 3.

4. Responding Defendant is unaware of any limited liability company named Cedar Grove Partners, LLC, and therefore Responding Defendant DENIES the allegations contained within paragraph no. 4.

5. Responding Defendant ADMITS that Cedar Grove Capital, LLC is a Delaware limited liability company. Except as admitted to herein, Responding Defendant DENIES the remaining allegations contained within paragraph no. 5.

6. Responding Defendant ADMITS that Aaron Gorin and Steve Levitz are or were in the past members of Cedar Grove Capital, LLC. Except as admitted to

herein, Responding Defendant DENIES the remaining allegations contained within paragraph no. 6.

7.      Responding Defendant ADMITS that Aaron Gorin and Steve Levitz are or were in the past members of Cedar Grove Capital, LLC. Except as admitted to herein, Responding Defendant DENIES the remaining allegations contained within paragraph no. 7.

8.      Responding Defendant ADMITS that the venue may be proper as to certain claims against certain defendants who are found to be subject to personal jurisdiction of the State of North Carolina, which jurisdiction is NOT admitted.

<u>Responding Defendant's Responses to Allegations of Fact Common to All Counts</u>

9.      Plaintiffs omit paragraph no. 9 in their Complaint. Responding Defendant's previous responses are incorporated herein as if fully set forth below.

10.      DENY.

11.      Responding Defendant ADMITS that Meadowbrook CGC, LLC had ownership interest in Brookridge Apartments, located at W.T. Harris Boulevard, Mecklenburg County, Charlotte, North Carolina. Except as admitted to herein, Responding Defendant DENIES the remaining allegations contained within paragraph no. 11.

12. Responding Defendant ADMITS that Meadowbrook CGC, LLC's Certificate of Authority was revoked on June 15, 2021 by the Secretary of State of North Carolina for failure to file an annual report. Except as admitted to herein, Responding Defendant DENIES the remaining allegations contained within paragraph no. 12.

13. Responding Defendant ADMITS that Covenant Property Services Corporation provided financial management advice to the Brookridge Apartments, and it is further ADMITTED that Meadowbrook CGC, LLC had ownership interest in Brookridge Apartments. Except as admitted to herein, the Responding Defendant DENIES the remaining allegations contained within paragraph no. 13.

14. Responding Defendant is without sufficient knowledge upon which they might form information and belief, and therefore Responding Defendant DENIES the allegations contained within paragraph no. 14.

15. Responding Defendant is without sufficient knowledge upon which they might form information and belief, and therefore Responding Defendant DENIES the allegations contained within paragraph 15.

16. Responding Defendant is without sufficient knowledge upon which they might form information and belief, and therefore Responding Defendant DENIES the allegations contained within paragraph 16.

17.     Responding Defendant is without sufficient knowledge upon which they might form information and belief, and therefore Responding Defendant DENIES the allegations contained within paragraph 17.

18.     Responding Defendant is without sufficient knowledge upon which they might form information and belief, and therefore Responding Defendant DENIES the allegations contained within paragraph 18.

<u>Responding Defendant's Responses to Count I – Negligence of Defendant Meadowbrook CGC, LLC</u>

19.     Responding Defendant's previous responses are incorporated herein as if fully set forth below.

20.     Responding Defendant states that paragraph no. 20 calls for a conclusion of law, which is dependent upon facts to be shown and determined by a court of law. To the extent a further response is required, the Responding Defendant DENIES the allegations contained within paragraph no. 20.

21.     DENY.

22.     DENY.

23.     DENY.

24.     DENY.

25.    DENY as to all parts and sub-parts.

26.    DENY as to all parts and sub-parts.

27.    DENY.

28.    DENY.

29.    DENY as to all parts and sub-parts.

30.    DENY.


<u>Responding Defendant's Responses to Count II – Negligence of Defendant<br>Covenant Property Services Corporation</u>

31.    Responding Defendant ADMITS that Covenant Property Services Corporation provided financial management advice to Brookridge Apartments. Except as admitted to herein, Responding Defendant DENIES the allegations contained within paragraph no. 31.

32.    DENY.

33.    DENY.

34.    DENY.

35.    DENY.

36.     DENY.

37.     DENY as to all parts and sub-parts.

38.     DENY as to all parts and sub-parts.

39.     DENY.

40.     DENY.

41.     DENY as to all parts and sub-parts.

42.     Omitted by Plaintiff.

43.     DENY.

Responding Defendant's Responses to Count III – Negligence of Defendant Cedar Grove Capital, LLC

44.     Responding Defendant's previous responses are incorporated herein as if fully set forth below.

45.     DENY.

46.     ADMIT.

47.     DENY.

47.     Plaintiff places two paragraphs no. 47 in the Complaint. Responding Defendant DENIES both the first and second no. 47 in their entirety.

48.     DENY.

49.     DENY.

50.     DENY.

51.     DENY, as to all parts and sub-parts.

52.     DENY, as to all parts and sub-parts.

53.     DENY.

54.     DENY.

55.     DENY, as to all parts and sub-parts.

56.     DENY.

<u>Responding Defendant's Responses to Count IV – Negligence of Defendant Cedar Grove Capital Partners, LLC</u>

57. Responding Defendant's previous responses are incorporated herein as if fully set forth below.

58. DENY.

59. DENY.

60. DENY.

61. DENY.

62. DENY.

63. DENY, as to all parts and sub-parts.

64. DENY, as to all parts and sub-parts.

65. DENY, as to all parts and sub-parts.

66. DENY.

<u>Responding Defendant's Responses to Count V – Allegations in Support of the Doctrine of Piercing the Corporate Veil</u>

67. Responding Defendant's previous responses are incorporated herein as if fully set forth below.

68. Responding Defendant ADMITS that that it is a member of the alleged limited liability company named Meadowbrook CGC, LLC, and further have an ownership interest in Covenant Property Services Corporation. Except as admitted to herein, Responding Defendant DENIES the allegations contained within paragraph no. 68.

69. DENY

70. DENY.

71. DENY.

72. DENY.

73. DENY.

<u>ANY ALLEGATION NOT SPECIFICALLY ADMITTED TO HEREIN IS DENIED IN ITS ENTIRETY.</u>

<u>Second Defense</u>

Plaintiff voluntarily assumed the hazards and risks of the incident alleged in Plaintiff's Complaint, and that assumption of risk was the proximate cause of his alleged injuries and damages, if any.

<u>Third Defense</u>

Plaintiff's Complaint against Responding Defendant is barred as any alleged dangerous conditions were open and obvious to Plaintiff.

- 10 -

## Fourth Defense

The independent and contributory negligence of Plaintiff was the proximate cause or a material, contributing proximate cause of any injuries or damages that Plaintiff allegedly sustained.

## Fifth Defense

The negligence of third parties beyond the control of Responding Defendant was the proximate cause or a material, contributing proximate cause of any injuries or damages that Plaintiff allegedly sustained.

## Sixth Defense

No act or omission of Responding Defendant was the proximate cause of Plaintiff's alleged injuries and damages.

## Seventh Defense

Responding Defendant asserts that the incident which is the subject of Plaintiff's Complaint resulted from some independent cause, phenomenon, or misadventure beyond the control of Responding Defendant and for which Responding Defendant are not liable. Responding Defendant relies on the defense of superseding intervening cause.

## Eighth Defense

Plaintiff had a duty to mitigate his damages and has failed to do so herein.

## Ninth Defense

Responding Defendant asserts that the incident which is the subject of Plaintiff's Complaint resulted from the intentional criminal act of a third party which was not reasonably foreseeable to Responding Defendant and for which Responding Defendant is not liable.

Tenth Defense

Responding Defendant expressly denies that any additional security measures were necessary at the Property and further assert that any additional security measures at the Property would not have avoided, deterred, or otherwise prevented the intentional criminal act of a third party which caused Plaintiff's alleged injuries and damages.

Eleventh Defense

Pursuant to Fed. R. Civ. Pro. 9(a), Defendant Cedar Grove Capital Partners, LLC submits that they lack the capacity to be sued for any claims set forth in Plaintiff's Complaint. Specifically, but not by way of limitation, Defendant Cedar Grove Capital Partners, LLC did not own or operate Brookridge Apartments, the location identified in Plaintiff's Complaint as the alleged site of Plaintiff's injuries. Defendant Cedar Grove Capital Partners, LLC submits that Defendant Meadowbrook CGC, LLC owned and operated the Brookridge Apartments located at the Property on or about November 6, 2019.

Twelfth Defense

Defendant Cedar Grove Capital Partners, LLC further submits that Plaintiff fails to sufficiently plead any facts necessary and sufficient to warrant piercing the corporate veil or facts necessary and sufficient to invoke the doctrine of

- 12 -

*respondeat superior* in a misguided attempt to hold Defendant Cedar Grove Capital Partners, LLC vicariously liable for any alleged negligence or improper conduct on behalf of Meadowbrook CGC, LLC. Defendant Cedar Grove Capital Partners, LLC do not exhibit control of Defendant Meadowbrook CGC, LLC necessary to pierce the corporate veil. *See Glenn v. Wagner*, 313 N.C. 450, 454, 328 S.E.2d 326, 330 (1985); *Vaughn v. N.C. Dept. of Human Resources*, 296 N.C. 683, 686, 252 S.E.2d 792, 795 (1979).

<u>Thirteenth Defense</u>

Responding Defendant reserves the right to assert all additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Responding Defendant prays that the claims of the Plaintiff against this Responding Defendant be dismissed pursuant to Rule 12(b)(2) for lack of jurisdiction against the person, and/or pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, that Plaintiff has and recovers nothing of them, that Plaintiff's claims against Responding Defendant is dismissed with prejudice, that Responding Defendant have and recover their costs, that all matters be tried by a jury, that Responding Defendant have and recover their attorney's fees, and that Responding Defendant have and recover such other and further relief as the Court deems just and proper.

This, the 3rd day of OCTOBER, 2022.

_____

Richard L. Metcalf
N.C. State Bar No. 47947
*Attorney for Defendants Cedar Grove*
*Capital Partners, LLC, Aaron Gorin,*
*Steve Levitz*

METCALF LAW FIRM, PLLC
110 John Wesley Way (27401)
P.O. Box 4491
Greensboro, North Carolina 27404
(336) 355-8814
rmetcalf@metcalflawfirmpllc.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served upon the Plaintiff hereto by mailing copies thereof by first-class, postage prepaid U.S. Mail to the following:

Dexter Benoit, Esq.
Mary F. Parker, Esq.
Benoit Law Firm, PLLC
1514 S. Church Street, Suite 106
Charlotte, NC 28203

This, the 3rd day of _OCTOBER_ ,2022.

_____

- 14 -

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 11522

2022 OCT 11 P 3: 03

MECKLENBURG COUNTY, C.S.C

VADIM LINNANKIVI, individually,
                          Plaintiff,

v.

MEADOWBROOK CGC, LLC,
COVENANT PROPERTY SERVICES
CORPORATION, CEDAR GROVE
CAPITAL PARTNERS, LLC, CEDAR
GROVE CAPITAL, LLC, AARON GORIN,
and STEVE LEVITZ,
                          Defendants.

**DEFENDANTS MEADOWBROOK CGC,
LLC, COVENANT PROPERTY
SERVICES CORPORATION, AND
CEDAR GROVE CAPITAL, LLC'S
MOTION TO DISMISS AND ANSWER**

NOW COME Defendants Meadowbrook CGC, LLC ("Meadowbrook"), Covenant

Property Services Corporation ("Covenant"), and Cedar Grove Capital, LLC ("CGC")

(collectively "Answering Defendants"), by and through undersigned counsel, and answer

Plaintiff's Complaint as follows:

## MOTION TO DISMISS
### (12(b)(6) – FAILURE TO STATE A CLAIM)

Pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, Answering

Defendants move to dismiss Plaintiff's claims for failure to state a claim upon which relief can

be granted.

## FIRST DEFENSE
### (ANSWER)

### PARTIES, JURISDICTION AND VENUE

1.      Paragraph 1 is denied for lack of knowledge or information sufficient to form a

belief as to its truth.

2.      Answering Paragraph 2, Answering Defendants admit that Meadowbrook is a

limited liability company organized and existing under the laws of the State of Delaware.

I

Answering Defendants further admit that Meadowbrook conducted business at 9023 East WT Harris Blvd, Charlotte, NC 28227 ("Property") on or about November 6, 2019. Answering Defendants further admit that Meadowbrook owned and operated the Brookridge Apartments located at the Property on or about November 6, 2019. Except as admitted, Paragraph 2 is denied.

3. Answering Paragraph 3, Answering Defendants admit that Covenant is a corporation organized and existing under the laws of the State of New York. Answering Defendants further admit that Covenant provided financial management advice to the Brookridge Apartments located at the Property on or about November 6, 2019, pursuant to a Property Management Agreement with Meadowbrook. Except as admitted, Paragraph 3 is denied.

4. Paragraph 4 does not relate to Answering Defendants and is denied for lack of knowledge or information sufficient to form a belief as to its truth.

5. Answering Paragraph 5, Answering Defendants admit that CGC is a limited liability company organized and existing under the laws of the State of Delaware. Except as admitted, Paragraph 5 is denied.

6. Answering Paragraph 6, Answering Defendants admit that Aaron Gorin ("Gorin") and Steve Levitz ("Levitz") are members of CGC. Except as admitted, Paragraph 6 does not relate to Answering Defendants and is denied for lack of knowledge or information sufficient to form a belief as to its truth.

7. Answering Paragraph 7, Answering Defendants admit that Gorin and Levitz are members of CGC. Except as admitted Paragraph 7 does not relate to Answering Defendants and is denied for lack of knowledge or information sufficient to form a belief as to its truth.

8. Paragraph 8 contains a legal conclusion, which requires no response.

65451515.v1

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

9.     Answering Paragraph 10 [sic], Answering Defendants admit that Meadowbrook conducted business at the Property on or about November 6, 2019.  Answering Defendants further admit that Meadowbrook owned and operated the Brookridge Apartments located at the Property on or about November 6, 2019.  Answering Defendants further admit that Covenant provided financial management advice to the Brookridge Apartments located at the Property on or about November 6, 2019, pursuant to a Property Management Agreement with Meadowbrook.  Except as admitted, Paragraph 10 [sic] is denied.

10.     Answering Paragraph 11 [sic], Answering Defendants admit that Meadowbrook owned and operated the Brookridge Apartments located at the Property on or about November 6, 2019.  Paragraph 11 [sic] contains legal conclusions that require no response.  Except as admitted and to the extent a further response is required, Paragraph 11 [sic] is denied.

11.     Answering Paragraph 12 [sic], Answering Defendants admit any filings on the North Carolina Secretary of State's website are the best evidence of their contents.  Paragraph 12 [sic] contains legal conclusions that require no response.  Except as admitted and to the extent a further response is required, Paragraph 12 [sic] is denied.

12.     Answering Paragraph 13 [sic], Answering Defendants admit that Meadowbrook conducted business at the Property on or about November 6, 2019.  Answering Defendants further admit that Meadowbrook owned and operated the Brookridge Apartments located at the Property on or about November 6, 2019.  Answering Defendants further admit that Covenant provided financial management advice to the Brookridge Apartments located at the Property on or about November 6, 2019, pursuant to a Property Management Agreement with Meadowbrook.  Except as admitted, Paragraph 13 [sic] is denied.

65451513.v1

13.     Paragraph 14 [sic] is denied for lack of knowledge or information sufficient to form a belief as to its truth.

14.     Paragraph 15 [sic] is denied for lack of knowledge or information sufficient to form a belief as to its truth.

15.     Paragraph 16 [sic] is denied for lack of knowledge or information sufficient to form a belief as to its truth.

16.     Paragraph 17 [sic] is denied for lack of knowledge or information sufficient to form a belief as to its truth.

17.     Paragraph 18 [sic] is denied for lack of knowledge or information sufficient to form a belief as to its truth.

<u>FIRST CLAIM FOR RELIEF</u>
(Negligence of Defendant Meadowbrook CGC, LLC)

18.     Answering Defendants re-allege and incorporate by reference their previous responses of their Answer as if fully restated herein.

19.     Paragraph 20 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 20 [sic] is denied.

20.     Paragraph 21 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 21 [sic] is denied.

21.     Paragraph 22 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 22 [sic] is denied.

22.     Paragraph 23 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 22 [sic]  is denied.

23.     Paragraph 24 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 24 [sic] is denied.

24.     Paragraph 25 [sic] and all subparts are denied.

25.     Paragraph 26 [sic] and all subparts contain legal conclusions that requires no response. To the extent a response is required, Paragraph 26 [sic] and all subparts are denied.

26.     Paragraph 27 [sic] contains a legal conclusion that requires no response. To the extent a response is required, Paragraph 27 [sic] is denied.

27.     Paragraph 28 [sic] contains a legal conclusion that requires no response. To the extent a response is required, Paragraph 28 [sic] is denied.

28.     Paragraph 29 [sic] and all subparts contain legal conclusions that requires no response. To the extent a response is required, Paragraph 29 [sic] and all subparts are denied.

29.     Paragraph 30 [sic] is denied.

## SECOND CLAIM FOR RELIEF
(Negligence of Defendant Covenant Property Services Corporation)

30.     Answering Paragraph 31 [sic], Answering Defendants admit that Covenant provided financial management advice to the Brookridge Apartments located at the Property on or about November 6, 2019, pursuant to a Property Management Agreement with Meadowbrook. Except as admitted, Paragraph 31 [sic] is denied.

31.     Paragraph 32 [sic] contains a legal conclusion that requires no response. To the extent a response is required, Paragraph 32 [sic] is denied.

32.     Paragraph 33 [sic] contains a legal conclusion that requires no response. To the extent a response is required, Paragraph 33 [sic] is denied.

33.     Paragraph 34 [sic] contains a legal conclusion that requires no response. To the extent a response is required, Paragraph 34 [sic] is denied.

34.     Paragraph 35 [sic] contains a legal conclusion that requires no response. To the extent a response is required, Paragraph 35 [sic] is denied.

35.     Paragraph 36 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 36 [sic] is denied.

36.     Paragraph 37 [sic] and all subparts are denied.

37.     Paragraph 38 [sic] and all subparts contain legal conclusions that requires no response.  To the extent a response is required, Paragraph 38 [sic] and all subparts are denied.

38.     Paragraph 39 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 39 [sic] is denied.

39.     Paragraph 40 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 40 [sic] is denied.

40.     Paragraph 41 [sic] and all subparts contain legal conclusions that requires no response.  To the extent a response is required, Paragraph 41 [sic] and all subparts are denied.

41.     Paragraph 43 [sic] is denied.

<u>THIRD CLAIM FOR RELIEF</u>
(Negligence of Defendant Cedar Grove Capital, LLC)

42.     Answering Defendants re-allege and incorporate by reference their previous responses of their Answer of their Answer as if fully restated herein.

43.     Paragraph 45 [sic] is denied.

44.     Answering Paragraph 46 [sic], Answering Defendants admit that Gorin and Levitz are members of CGC.  Except as admitted, Paragraph 46 [sic] is denied.

45.     Paragraph 47 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 47 [sic] is denied.

46.     Paragraph 47 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 47 [sic] is denied.

47.     Paragraph 48 [sic] contains a legal conclusion that requires no response.  To the

6

extent a response is required, Paragraph 48 [sic] is denied.

48.     Paragraph 49 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 49 [sic] is denied.

49.     Paragraph 50 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 50 [sic] is denied.

50.     Paragraph 51 [sic] and all subparts are denied.

51.     Paragraph 52 [sic] and all subparts contain legal conclusions that requires no response.  To the extent a response is required, Paragraph 52 [sic] and all subparts are denied.

52.     Paragraph 53 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 53 [sic] is denied.

53.     Paragraph 54 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 54 [sic] is denied.

54.     Paragraph 55 [sic] and all subparts contain legal conclusions that requires no response.  To the extent a response is required, Paragraph 55 [sic] and all subparts are denied.

55.     Paragraph 56 [sic] is denied.

<u>FOURTH CLAIM FOR RELIEF</u>
(Negligence of Defendant Cedar Grove Capital Partners, LLC)

56.     Answering Defendants re-allege and incorporate by reference their previous responses of their Answer of their Answer as if fully restated herein.

57.     Paragraph 58 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 58 [sic] is denied.

58.     Paragraph 59 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 59 [sic] is denied.

59.     Paragraph 60 [sic] contains a legal conclusion that requires no response.  To the

extent a response is required, Paragraph 60 [sic] is denied.

60.    Paragraph 61 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 61 [sic] is denied.

61.    Paragraph 62 [sic] contains a legal conclusion that requires no response.  To the extent a response is required, Paragraph 62 [sic] is denied.

62.    Paragraph 63 [sic] and all subparts are denied.

63.    Paragraph 64 [sic] and all subparts contain legal conclusions that requires no response.  To the extent a response is required, Paragraph 64 [sic] and all subparts are denied.

64.    Paragraph 65 [sic] and all subparts contain legal conclusions that requires no response.  To the extent a response is required, Paragraph 65 [sic] and all subparts are denied.

65.    Paragraph 66 [sic] is denied.

### FIFTH CLAIM FOR RELIEF
(Allegations in Support of the Doctrine of Piercing the Corporate Veil to Impose Liability on Member/Mangers and Cedar Grove Partners, LLC)

66.    Answering Defendants re-allege and incorporate by reference their previous responses of their Answer of their Answer as if fully restated herein.

67.    Answering Paragraph 68 [sic], Answering Defendants admit that Gorin and Levitz are members of Meadowbrook and CGC.  Answering Defendants admit that Gorin and Levitz have an ownership interest in Covenant.  Except as admitted, Paragraph 68 [sic] is denied.

68.    Paragraph 69 [sic] is denied.

69.    Paragraph 70 [sic] is denied.

70.    Answering Paragraph 71 [sic], Answering Defendants admit any "legal documents" are the best evidence of their contents.  Except as admitted, Paragraph 71 [sic] is denied.

8

71.     Answering Paragraph 72 [sic], Answering Defendants admit any filings on the North Carolina Secretary of State's website are the best evidence of their contents.  Except as admitted, Paragraph 72 [sic] is denied.

72.     Paragraph 73 [sic] is denied.

## SECOND DEFENSE

Plaintiff voluntarily assumed the hazards and risks of the incident alleged in Plaintiff's Complaint, and that assumption of risk was the sole and proximate cause of his alleged injuries and damages, if any.

## THIRD DEFENSE

Plaintiff's Complaint against Answering Defendants is barred as any alleged dangerous conditions were open and obvious to Plaintiff.

## FOURTH DEFENSE

The independent and contributory negligence of Plaintiff was the sole proximate cause or a material, contributing proximate cause of any injuries or damages that Plaintiff allegedly sustained.

## FIFTH DEFENSE

The negligence of third parties beyond the control of Answering Defendants was the sole proximate cause or a material, contributing proximate cause of any injuries or damages that Plaintiff allegedly sustained.

## SIXTH DEFENSE

No act or omission of Answering Defendants was the proximate cause of Plaintiff's alleged injuries and damages.

65431513.v1

## SEVENTH DEFENSE

Answering Defendants assert that the incident which is the subject of Plaintiff's Complaint resulted from some independent cause, phenomenon, or misadventure beyond the control of Answering Defendants and for which Answering Defendants are not liable. Answering Defendants rely on the defense of superseding intervening cause.

## EIGHTH DEFENSE

Plaintiff had a duty to mitigate his damages and has failed to do so herein.

## NINTH DEFENSE

Answering Defendants assert that the incident which is the subject of Plaintiff's Complaint resulted from the intentional criminal act of a third party which was not reasonably foreseeable to Answering Defendants and for which Answering Defendants are not liable.

## TENTH DEFENSE

Answering Defendants expressly deny that any additional security measures were necessary at the Property and further assert that any additional security measures at the Property would not have avoided, deterred, or otherwise prevented the intentional criminal act of a third party which caused Plaintiff's alleged injuries and damages.

## ELEVENTH DEFENSE

Pursuant to N.C. R. Civ. Pro. 9(a) and Fed. R. Civ. Pro. 9(a), Defendants Covenant and CGC submit that they lack the capacity to be sued for any claims set forth in Plaintiff's Complaint. Specifically, but not by way of limitation, Defendants Covenant and CGC did not own or operate Brookridge Apartments, the location identified in Plaintiff's Complaint as the alleged site of Plaintiff's injuries. Defendants Covenant and CGC submit that Defendant

65451313.v1

Meadowbrook owned and operated the Brookridge Apartments located at the Property on or about November 6, 2019.

**TWELFTH DEFENSE**

Defendants Covenant and CGC further submit that Plaintiff fails to sufficiently plead any facts to warrant piercing the corporate veil or invoking the doctrine of *respondeat superior* in a feeble attempt to hold Defendants Covenant and CGC vicariously liable for any alleged negligence or improper conduct on behalf of Defendant Meadowbrook. Defendants Covenant and CGC do not control Defendant Meadowbrook in order to pierce the corporate veil. *See Glenn v. Wagner*, 313 N.C. 450, 454, 328 S.E.2d 326, 330 (1985); *Vaughn v. N.C. Dept. of Human Resources*, 296 N.C. 683, 686, 252 S.E.2d 792, 795 (1979).

**THIRTEENTH DEFENSE**

Answering Defendants reserve the right to assert all additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Answering Defendants pray that Plaintiff has and recovers nothing of them, that Plaintiff's claims against Answering Defendants are dismissed with prejudice, that Answering Defendants have and recover their costs, that all matters be tried by a jury, that Answering Defendants have and recover their attorney's fees, and that Answering Defendants have and recover such other and further relief as the Court deems just and proper.

11

This the 4th day of October, 2022.

BUTLER SNOW, LLP

By: _____

SHELLEY W. COLEMAN
NC State Bar No. 22783
DIANE K. PAPPAYLIOU
NC State Bar No. 50921
Attorney for Defendants
6752 Rock Spring Road, Suite 310
Wilmington, NC 28405
(910) 550-1320

12

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served upon all counsel of Record by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope addressed as follows:

> Dexter G. Benoit
> Mary F. Parker
> Benoit Law Firm, PLLC
> 1514 S. Church Street, Suite 106
> Charlotte, NC 28203
> *Counsel for Plaintiff*
>
> Richard L. Metcalf
> Metcalf Law Firm, PLLC
> 110 John Wesley Way (27401)
> P.O. Box 4491
> Greensboro, North Carolina 27404
> *Counsel for Defendants Cedar Grove Capital Partners, LLC,*
> *Aaron Gorin, and Steve Levitz*

This the 4th day of October, 2022.

**SHELLEY W. COLEMAN**
**DIANE K. PAPPAYLIOU**

65451515.v1