UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00586-FDW-SCR

| | |
|---|---|
| VADIM LINNANKIVI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEADOWBROOK CGC, LLC; COVENANT )<br>PROPERTY SERVICES CORPORATION; )<br>AND CEDAR GROVE CAPITAL, LLC, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment, (Doc. No. 23), pursuant to Fed. R. Civ. P. 56 and Motion to Exclude or Limit, (Doc. No. 21), pursuant to Fed. R. Evid. 104(a) and Fed. R. Evid. 702. This matter has been fully briefed, (Doc. Nos. 22, 25, 28, 30, 33), and is ripe for ruling. For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED**, and Defendants' Motion to Exclude or Limit is **DENIED**.

**I.     BACKGROUND**

Vadim Linnankivi ("Plaintiff") filed this action against Meadowbrook CGC, LLC, and Cedar Grove Capital, LLC, as owners of Brookridge, and against Covenant Property Services Corporation, as the named property manager, (collectively, "Defendants") asserting claims arising from an injury Plaintiff suffered due to a crime committed by a third-party on Defendants' property. (Doc. No. 1). Initially, Plaintiff's case was filed on July 18, 2022, in a North Carolina state court. (Doc. No. 1-1). Defendants removed the case to this Court on October 26, 2022. (Doc. No. 1-4). Plaintiff's Complaint raises a single cause of action for Negligence under North Carolina state law against Defendants. (Doc. Nos. 1-1, 1-2, 1-3).

1

On August 18, 2023, Defendants filed a Motion for Summary Judgment, seeking summary judgment on Plaintiff's claim of negligence, and a Motion to Exclude or Limit Plaintiff's expert witness, John Villines. (Doc. Nos. 21, 23). On September 1, 2023, Plaintiff filed a Response to Defendants' Motion to Exclude or Limit John Villines. (Doc. No. 30). On that same day, Plaintiff also filed a Response to Defendants' Motion for Summary Judgment. (Doc. No. 28). Defendants filed a Reply to Plaintiff's Response to the Motion to Exclude or Limit and gave notice of their intent not to file a reply to Plaintiff's Response to the Motion for Summary Judgment on September 8, 2023. (Doc. Nos. 32, 33).

For purposes of the instant motion, the Court views the facts in the light most favorable to Plaintiff and draws all reasonable inferences in his favor. (Doc. Nos. 24-11, 28-1, 28-2, 28-3, 28-4, 28-5, 28-6, 28-7, 28-8, 28-9, 28-10, 28-11, 28-12, 28-13, 28-14, 28-15, 28-16, 28-17, 28-18, 28-19, 28-20). On November 5, 2019, while delivering a pizza, Plaintiff was assaulted and shot by two unknown individuals at a parking lot in the Brookridge apartment complex, which is located off E. WT Harris Boulevard in Charlotte, North Carolina. The two unknown individuals were neither apprehended nor identified. Plaintiff contends Defendants are liable for injuries sustained as a result of the attack. In support of his negligence claim under North Carolina state law, Plaintiff has produced evidence showing Brookridge apartments lacked adequate security measures, such as not having armed guards, not conducting a security assessment, and not training employees on appropriate security measures. Plaintiff further bolsters his claim through evidence showing Brookridge apartments only had a fence, some exterior lighting, and two cameras at the leasing office during the time of his attack. Furthermore, through an expert, Plaintiff has produced evidence indicating the probability of him getting attacked would have decreased if reasonable security measures had been implemented.

## II.     STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Also, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Id. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. Id. at 249-50. In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." Id. at 252.

### III. DISCUSSION

#### A. Motion to Exclude or Limit

For purposes of deciding the Motion for Summary Judgment, the Court will deny the Motion to Exclude or Limit in order to consider all evidence in the light most favorable to Plaintiff. Furthermore, the bulk of Defendants' arguments go to the weight and credibility of the expert's conclusion, which is an insufficient basis to exclude the testimony. See United States v. Simmons, No. 2:16-CR-130, 2018 WL 1882827, at *8 (E.D. Va. Jan. 12, 2018), report and recommendation adopted, No. 2:16-CR-130, 2018 WL 658693 (E.D. Va. Feb. 1, 2018); Washington v. Mckee, No. 4:06-CV-6, 2006 WL 2252064, at *7 (E.D. Va. Aug. 3, 2006). See also Summit 6, LLC v. Samsung Elecs. Co., 802 F.3d 1283, 1295–96 (Fed. Cir. 2015); DiCarlo v. Keller Ladders, Inc., 211 F.3d 465, 468 (8th Cir. 2000).

#### B. Summary Judgment

In moving for summary judgment, Defendants first argue they do not owe any legal duty to Plaintiff because Plaintiff's injury did not occur on Defendants' property. (Doc. No. 25, p. 5). Second, Defendants argue they do not owe any legal duty to Plaintiff because the incident leading to Plaintiff's injury was not reasonably foreseeable. (Doc. No. 25, p. 7). Third, Defendants argue they did not cause Plaintiff's injury because Plaintiff cannot establish Defendants could have

prevented Plaintiff's injury with the implantation of additional security features. (Doc. No. 25, p. 12). Fourth, Defendants argue Defendant Cedar Grove has no legal duty to Plaintiff because Cedar Grove does not own the property where Plaintiff's injury occurred. (Doc. No. 25, p. 18). The Court agrees with Defendants' third contention and finds it dispositive here.

In order for a negligence claim to survive a motion for summary judgment, a plaintiff must present evidence showing: "(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances." Burnham v. S&L Sawmill, Inc., 749 S.E.2d 75, 79-80 (N.C. Ct. App. 2013) (quoting Von Viczay v. Thoms, 538 S.E.2d 629, 630-31 (N.C. Ct. App. 2000), aff'd per curiam, 545 S.E.2d 210 (N.C. 2001) (citations omitted)). Specifically, proximate cause

> is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.

Hairston v. Alexander Tank & Equip. Co., 311 S.E.2d 559, 565 (N.C. 1984). Furthermore, proximate cause is an issue "ordinarily left for the jury to decide," but a court can "decide proximate cause as a matter of law" when "reasonable minds cannot differ." Est. of Tipton by & Through Tipton v. Delta Sigma Phi Fraternity, Inc., 826 S.E.2d 226, 235 (N.C. Ct. App. 2019) (quoting Holt v. N.C. Dep't of Transp., 781 S.E.2d 697, 706 (N.C. Ct. App. 2016), aff'd per curiam, 791 S.E.2d 458 (N.C. 2016) (citations omitted)).

For example, in Davenport v. D.M. Rental Properties, Inc., a North Carolina state court could not establish proximate cause as a matter of law when the court rejected, at the summary judgment stage, the plaintiff's claim that the defendants breached their duty to him by "failing to

install security cameras, hire security guards, install fences, or post warning signs," causing him to be injured by a third party on premises controlled by defendants. Davenport v. D.M. Rental Properties, Inc., 718 S.E.2d 188, 190 (N.C. Ct. App. 2011). In concluding the plaintiff could not establish proximate cause as a matter of law, the court reasoned "the proposed safety measures would not have prevented the plaintiff's injury, the alleged negligent failure to take such measures could not have constituted a proximate cause of the plaintiff's injury." Id.

Here, too, after reviewing the entire record and arguments by both parties, the Court concludes that even presuming Defendants failed to exercise proper care, Plaintiff has not produced any evidence or forecast any evidence to allow a reasonable juror to find Defendants proximately caused Plaintiff's injury. Plaintiff and his expert have produced evidence indicating additional security measures at Defendants' apartment complex "would have [] reduced" or "decreased" the likelihood of Plaintiff getting injured by a third party. (Doc. Nos. 28, p. 18, 24-11, p. 364). However, nowhere in the record does Plaintiff or his expert present any evidence tending to show Plaintiff's injury would not have occurred or would have been prevented if Defendants' apartment complex did something different or implemented additional security measures. Rather, Plaintiff's expert stated he would not opine "on whether adequate security measures would have prevented [Plaintiff's] incident," (Doc. No. 24-11, p. 11), and Plaintiff's briefing here does not provide or forecast any other evidence to satisfy the proximate cause element of its claim. Thus, without forecasting evidence to satisfy the requisite showing to demonstrate causation, Plaintiff cannot establish his negligence claim in North Carolina as a matter of law.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Exclude or Limit, (Doc. No. 21), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (Doc. No. 23), is **GRANTED**. The Clerk is respectfully directed to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

Signed: October 17, 2023

Frank D. Whitney
United States District Judge